## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

VIRGINIA HAYES,

      Plaintiff,

vs.

THE CITY OF MAGEE,
MISSISSIPPI; CHARLES R.
CRAWFORD, in his individual and
official capacities as Chief of Police
of the Magee Police Department,
VERNON DAMPIER in his
individual capacity as a City of
Magee police officer; CHARLES
ALEXANDER in his individual
capacity as a City of Magee police
officer; LINCASTER EASTERLING,
in his individual capacity as a City
of Magee police officer,

      Defendants.



3:23-ev-327 CWR-7KB

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 22 2023

ARTHUR JOHNSTON
BY _____ DEPUTY

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

    This action is for monetary damages brought pursuant to 42 U.S.C. §§ 1983

and 1988, and the Fourth and Fourteenth Amendments to the United States

Constitution against the above-named Defendants, jointly and severally, in their

respective individual and official capacities.

## INTRODUCTION

In the early morning hours of May 27, 2020, on-duty, uniformed City of Magee Police Officers Vernon Dampier, Charles Alexander, and Lincaster Easterling caused Virginia Hayes' vehicle to stop at an unlawful police checkpoint outside of Magee, Mississippi.  Officers Dampier and Alexander proceeded to excessively, unlawfully, and unreasonably detain and sexually assault Ms. Hayes. While Officers Dampier and Alexander sexually assaulted Ms. Hayes, Officer Easterling detained Ms. Hayes' two children and friend in her car. This assault was unlawful, unconstitutional, and without justification. Defendant City of Magee, through its Chief of Police, Charles "Randy" Crawford (herein out "Randy" or "Randy Crawford"), failed to train and supervise Defendants Dampier, Alexander, and Easterling, and instituted unconstitutional policies and/or customs, including ratifying the use of excessive and unreasonable force. As such, Defendants deprived Ms. Hayes of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. The Defendants' unconstitutional acts and omissions were the direct and proximate cause of injuries suffered by Virginia Hayes. Plaintiff Hayes' claims are causes of action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States against the above-named Defendants, jointly and severally, in their respective individual and official capacities.

**JURISDICTION and VENUE**

1.    This action arises under the laws of the United States, particularly under the provisions of the Fourth and Fourteenth Amendments of the United States Constitution and the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988.

2.    This Court has federal question jurisdiction over Plaintiff's civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. §§ 1983 and 1988.

3.    This Court has diversity jurisdiction over Plaintiff's civil rights claims pursuant to 28 U.S.C. § 1332 because the parties are from different states and Plaintiff's claims for monetary damages exceed the amount in controversy requirement.

4.    Venue is proper under 28 U.S.C. § 1391(b) because all of the incidents, events and occurrences giving rise to this action occurred in the Southern District of Mississippi.

5.    To the extent applicable, Plaintiff has complied with all relevant provisions of the Mississippi Governmental Claims Act, including but not limited to MISS. CODE ANN. § 11-46-11.

**PARTIES**

6.    Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

7.     Plaintiff Virginia Hayes is a citizen of the United States and of the State of New Mexico.

8.     Defendant City of Magee is a municipality located in Simpson County, Mississippi, organized and existing under and by virtue of the laws of Mississippi.

9.     Defendant City of Magee provides policing services through the Magee Police Department (MPD).

10.    Defendant City of Magee, through its agents and employees, is responsible for, and does in fact, hire, train, supervise, and instruct police officers in all grades in the performance of their duties.

11.    Defendant Randy Crawford was, at all relevant times to this action, the Chief of Police for the MPD with final policy-making authority. At all relevant times and in all actions described herein, Defendant Crawford was the commanding officer of Officers Easterling, Dampier, and Alexander, and was responsible for Defendants' training, supervision, and conduct. Defendant Crawford is alleged to have acted under color of state law. As Chief of Police, Defendant Crawford was responsible for the overall administration of department operations and direction of the department's planning and research efforts, fiscal management, training initiatives, and professional standards, as well as for ensuring his personnel obey the laws of the State of Mississippi and of the United States. He is sued in his individual and official capacities.

12.    Defendant Vernon Dampier is, and was at all relevant times, a citizen of the State of Mississippi.

13.    Defendant Dampier was at all relevant times employed by the MPD as a duly appointed and sworn police officer, acting in his individual capacity under the color of state law and within the scope of his employment with the MPD.

14.    Defendant Charles Alexander is, and was at all relevant times, a citizen of the State of Mississippi.

15.    Defendant Alexander was at all relevant times employed by the MPD as a duly appointed and sworn police officer, acting in his individual capacity under the color of state law and within the scope of his employment with the MPD.

16.    Defendant Lincaster Easterling is, and was at all relevant times, a citizen of the State of Mississippi.

17.    Defendant Easterling was at all relevant times employed by the MPD as a duly appointed and sworn police officer, acting in his individual capacity under the color of state law and within the scope of his employment with the MPD.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

18.    Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

19.    On May 25, 2020, Plaintiff and her two sons, B.H. and J.H. (then 9 and 5 years old, respectively), travelled from Carlsbad, New Mexico to Amarillo, Texas to pick up Plaintiff's friend and traveling companion, Katarina Evans.

20.    Plaintiff, her two sons, and Ms. Evans planned to travel to Florida together to visit friends and family.

21.     The group began the trip from Amarillo, Texas to Florida on the morning of May 26, 2020.

22.     At around 1:00am on May 27, 2020, while Ms. Evans was driving, Plaintiff and Ms. Evans were forced to stop at a police checkpoint outside of Magee, Mississippi.

23.     This checkpoint consisted of three patrol cars, with their lights flashing, and three MPD Police Officers: Defendants Dampier, Alexander, and Easterling.

24.     All three officers were fully uniformed in khaki pants; tactical black boots; dark blue polo shirts and reflector vests; and were carrying radios and flashlights.

25.     Ms. Evans brought the car to a stop in the left-hand lane, as directed by the officers.

26.     Two of the three officers approached the car, initially spoke to Ms. Evans, and then spoke to Plaintiff.

27.     During the traffic stop and ensuing conversation, one officer noticed Plaintiff's container of medical marijuana in the center console of the vehicle.

28.     The officer inquired about the marijuana.

29.     Plaintiff Hayes explained to the Officer that she is a licensed medical marijuana patient in the State of New Mexico and, thereafter, provided him with her active Medical Cannabis Program Patient Identification Card, issued by the New Mexico Department of Health.

30.     The Officer asked Plaintiff to get out of her vehicle.

31.     Plaintiff complied with the Officer's request and got out of the vehicle.

32.    The Officer then asked Plaintiff to follow him to his patrol car.

33.    Defendant Dampier either did not activate, or turned off his Body Worn Cameras, in violation of MPD's Body Worn Camera Policy.

34.    Defendant Alexander either did not activate, or turned off his Body Worn Cameras, in violation of MPD's Body Worn Camera Policy.

35.    Defendant Easterling either did not activate, or turned off his Body Worn Cameras, in violation of MPD's Body Worn Camera Policy.

36.    Upon information and belief, Defendants Dampier, Alexander and Easterling also turned off the cameras in their patrol vehicles.

37.    Once at the patrol car, Plaintiff was accompanied by both Defendant Alexander and Defendant Dampier

38.    Defendant Alexander or Defendant Dampier told Plaintiff that she had two options: she could either "suck his dick," or the Officers would search her vehicle, take her to jail, and take her children away from her.

39.    Trembling and scared for herself and for her children, Plaintiff stated that she did not want to go to jail.

40.    Defendant Alexander and Defendant Dampier then escorted Plaintiff to the front passenger seat of a patrol car and forced her to sit down.

41.    Defendant Easterling stayed near Plaintiff's vehicle, observing her children and Ms. Evans.

42.     Once Plaintiff was in the patrol car, either Defendant Alexander or Defendant Dampier stood in front of her, unzipped his pants, pulled out his penis, and told her to "suck it."

43.     While being sexually assaulted by the first Defendant Officer, Plaintiff opened her eyes to see a phone with the flash on and believed the incident was being recorded.

44.     The first assaulting Defendant Officer ordered Plaintiff to lift up her shirt so he could see her breasts.

45.     At some point, the first assaulting Defendant Officer finished his assault of Plaintiff and switched positions with the second assaulting Defendant Officer.

46.     The second assaulting Defendant Officer forced Plaintiff to perform oral sex on him.

47.     While the second Defendant Officer was assaulting Plaintiff, she heard the first assaulting Defendant Officer state "I wish I could f*ck her." He then asked the second assaulting Defendant Officer if he had a condom.

48.     One of the Defendant Officers then asked Plaintiff if she had a condom. She shook her head "no."

49.     After a minute or two, the second assaulting Defendant Officer ended the encounter.

50.     Both Defendant Alexander and Defendant Dampier then zipped their pants and dismissed Plaintiff.

51.    As Plaintiff walked back toward her vehicle, either Defendant Alexander or Defendant Dampier or both of them asked Defendant Easterling if he "wanted some too."

52.    Defendant Easterling replied, "Nah, I'm good."

53.    During the entire encounter, Plaintiff feared that, if she did not comply with Defendant Alexander and Defendant Dampier's demands, she would be beaten or further forcibly sexually assaulted.

54.    During the entire encounter, Plaintiff feared that if she did not comply with all of the Defendant Officers' demands, her children would also suffer harm.

55.    Plaintiff returned to her vehicle and rejoined her two children and Ms. Evans in the car.  At that point, one of the Defendant Officers waved her through the checkpoint.

56.    At no time did Plaintiff harass, threaten, resist arrest, or otherwise fail to comply with Defendants Dampier, Alexander, and Easterling.

57.    At no time did Plaintiff engage in any conduct which justified the unreasonable and excessive actions of the same Defendants.

58.    At no time did Plaintiff willingly consent to the acts of Defendant Alexander and Defendant Dampier.

59.    Plaintiff complied with Defendant Alexander and Defendant Dampier's directives under significant duress and only due to their threats and authority as MPD Police Officers, her knowledge that her children and friend were detained by Defendant Easterling and her fear for their safety.

## FIRST CLAIM FOR RELIEF

### *Violation of Clearly Established Civil Rights Guaranteed by the U.S. Constitution and 42 U.S.C. § 1983 – Excessive and Unreasonable Force – Defendants Dampier, Alexander, and Easterling in their individual capacities*

60.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

61.     This claim is authorized by 42 U.S.C. § 1983 and the United States Constitution, including the Fourth and Fourteenth Amendments.

62.     At all relevant times, Defendants Dampier, Alexander and Easterling were employed by the City of Magee Police Department and were acting within the course and scope of their employment as law enforcement officers, under the color of state law, and clothed with the authority granted to them as MPD police officers.

63.     Plaintiff had a protected liberty interest under the United States Constitution in not being subjected to unreasonable force or cruel and unusual punishment.

64.     Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, and excessive force, to avoid unlawful activity, and to not act deliberately indifferent to Plaintiff's safety and well-being.

65.     The above-described sexual assault, battery, false imprisonment, and unreasonable use of excessive force was against Plaintiff without legal justification or provocation.

66.    While acting within the course and scope of their employment, without affording Plaintiff due process of law, and contrary to the United States Constitution, Defendants Dampier, Alexander and Easterling negligently, maliciously, wrongfully, recklessly, and unjustifiably used unlawful force, and/or deprived Plaintiff of her civil rights, including, but not limited to, her right to be free from excessive force and her fundamental right to bodily autonomy.

67.    At all relevant times, Defendants Dampier, Alexander, and Easterling, while acting within the course and scope of their employment, were deliberately indifferent toward Plaintiff and her constitutionally protected right to be free from unreasonable force and her fundamental right to bodily autonomy, without due process of law, contrary to the United States Constitution.

68.    The above-described acts committed by Defendants Dampier, Alexander, and Easterling violated Plaintiff's constitutional rights to be free from deprivation of life and liberty without due process of law and to be free from deliberate indifference to her safety and well-being guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

69.    As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff suffered damages for which Defendants are responsible; such injuries are more particularly set forth in the section of this Complaint entitled "Damages."

## SECOND CLAIM FOR RELIEF

***Violation of Clearly Established Civil Rights Guaranteed by the
Constitution and 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments –
Unconstitutional Conditions of Detainment –
Defendants Dampier, Alexander, and Easterling in their individual
capacities.***

70.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

71.     Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants Dampier, Alexander, and Easterling owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, and excessive force, to avoid unlawful activity, and to not act deliberately indifferent to Plaintiff's safety and well-being.

72.     Plaintiff had a protected liberty interest under the United States Constitution in not being subjected to unreasonable force or cruel and unusual punishment amounting to the deliberate indifference to Plaintiff's safety and well-being.

73.     Defendants Dampier, Alexander, and Easterling made an intentional decision regarding the conditions under which Plaintiff was detained.

74.     The conditions under which Plaintiff was detained were excessive, unreasonable, and unlawful, and directly caused Plaintiff harm and violated her basic constitutional rights.

75.     Defendants did not take reasonably available measures to abate or reduce the risk of harm to Plaintiff, even though a reasonable officer under the circumstances would have understood the illegal, abhorrent nature of the conduct at issue. This makes the consequences of Defendants' conduct obvious.

76.     As a direct and proximate result of the unconstitutional and tortious acts and/or omissions of Defendants, Plaintiff suffered damages for which Defendants are responsible; such injuries are more particularly set forth in the section of this Complaint entitled "Damages."

## THIRD CLAIM FOR RELIEF

***Violation of Clearly Established Civil Rights Guaranteed by the Constitution and 42 U.S.C. § 1983 – Unconstitutional Policy or Custom, Failure to Train, Failure to Supervise – Defendant City of Magee and Defendant Crawford – in his official and individual capacities.***

77.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein.

78.     This claim for relief is authorized by 42 U.S.C. § 1983 and the United States Constitution, including the Fourth and Fourteenth Amendments.

79.     As policy maker for Defendant City of Magee and the MPD, Defendant Crawford had the authority to make, change, or maintain final decisions affecting policies and customs without constraint. Defendant Crawford is being sued in both his individual and official capacity.

80.     At all relevant times, Defendant Crawford was employed by and/or was an agent of Defendant City of Magee and was acting within the course and scope of his

employment as a law enforcement officer under the color of state law and clothed with the authority that was granted to him as a final policy maker of the MPD.

81.    The policies and/or customs of the MPD, as created and/or maintained by Defendant Crawford, exhibited deliberate indifference to the constitutionally protected rights of persons in or traveling through Magee, Mississippi, and those policies and/or customs caused the violation of Plaintiff's civil rights.

82.    The policy and/or custom of the MPD, as created and/or maintained by Defendant Crawford, was to inadequately hire, train, and supervise its police officers, including Defendants Dampier, Alexander, and Easterling.

83.    Upon information and belief, it was the policy and/or custom of the MPD and/or Defendant Crawford not to enact and/or enforce policies or procedures relating to sexual assault and sexual harassment and not to train regarding sexual assault and sexual harassment thereby causing the violation of Plaintiff's constitutionally protected rights.

84.    Upon information and belief, the City of Magee Police Department and/or Defendant Crawford failed to develop, manage, enforce, and/or otherwise promote policies and procedures relating to sexual misconduct by law enforcement, including sexual harassment, sexual assault, or sexual abuse of any member of the community or fellow agency employees.

85.    Upon information and belief, Defendant City of Magee, the MPD, and/or Defendant Crawford failed to train officers relating to sexual misconduct by law

enforcement; including sexual harassment, sexual assault, or sexual abuse of any citizen or fellow employee.

86.     The policies and customs of the MPD, as created or maintained by Defendant Crawford, demonstrate a deliberate indifference on the part of policy makers and were the cause of the violations of Plaintiff's civil rights.

87.     The policies and customs of the MPD, as created and/or maintained by Defendant Crawford, did not require an internal investigation or an external, independent investigation following a citizen complaint of sexual assault by an MPD law enforcement officer.

88.     Despite knowledge of the assault, upon information and belief, Defendant Crawford did not refer the incident out for investigation.

89.     The rules, edicts, or acts of the MPD and/or Defendant Crawford represented official policy or custom which, when executed as described above, inflicted injury upon Plaintiff, thereby violating Plaintiff's civil rights.

90.     The unconstitutional conduct of the MPD and/or Defendant Crawford, as alleged herein, includesbut is not limited to, failing to properly train and/or supervise its police officers; including Defendants Dampier, Alexander, and Easterling, in the areas of excessive, unreasonable, or unlawful force.

91.     Plaintiff had a constitutionally protected right to be free from excessive force, to bodily autonomy and to humane conditions of confinement while detained by MPD officers Dampier, Alexander, and Easterling.

92.     Defendant City of Magee and Defendant Crawford had an obligation to train

MPD officers.

93.     At the time of Plaintiff's detainment, it was widely known that misusing a law enforcement position (through use of force, threats of force, arrest, charging, ticketing, and/or reporting to child welfare authorities) to coerce a sexual act is unlawful, inappropriate, unprofessional, and violates general principles of acceptable conduct common to law enforcement agencies for maintaining the public's trust .

94.     At the time of Plaintiff's detainment, it was widely known that engaging in sexual acts or behavior while on-duty, when in uniform, or while using agency or government equipment such as vehicles, laptops and cellular phones constitutes prohibited conduct and was a violation of Plaintiff's civil rights.

95.     At the time of Plaintiff's detainment, it was widely known that using a law enforcement position, badge, or identification card to solicit, initiate or coerce sexual contact with anyone is prohibited conduct and was a violation of Plaintiff's civil rights. This includes sexual "shakedowns" (e.g., extorting sexual favors in exchange for not ticketing or arresting a member of the community).

96.     At the time of Plaintiff's detainment, it was widely known that attempting to initiate sexual contact or engaging in a sexual act with anyone contacted within the context of law enforcement duties and activities is prohibited conduct and was a violation of Plaintiff's civil rights.

97.     Without appropriate training relating to the constitutional limits on use of force as it relates to sexual assault of persons detained by law enforcement, it is likely

that MPD officers will commit constitutional violations of citizens' rights.

98.   Despite the obvious need, Defendant City of Magee and Defendant Crawford failed to appropriately train MPD officers regarding the constitutional limits of force and restraint, including the prohibition against sexual harassment and assault.

99.   Defendants City of Magee and Crawford's failure to train amounted to deliberate indifference to Ms. Haye's constitutionally protected rights.

100.   Defendant Crawford's customs, policies, and/or practices created a climate within MPD where officers considered sexual assault an acceptable practice and engaged in unconstitutional restraint of members of the public.

101.   Defendants City of Magee Police Department and/or Chief of Police Crawford's de facto policy of failing to train, screen, discipline, supervise, transfer, remove, and/or control errant officers, including Defendants Dampier, Alexander, and Easterling, is evidenced by the fact that Defendants Dampier, Alexander, and Easterling remained employed with the MPD following the incident.

102.   All of the above acts and/or omissions of Defendants City of Magee Police Department and/or Chief of Police Crawford makes them active participants, giving them actual and/or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff.

103.   As a direct and proximate result of the unconstitutional and tortious acts and/or omissions of Defendant City of Magee and Chief of Police Crawford, Plaintiff

suffered damages for which Defendants are responsible; such injuries are more particularly set forth in the section of this Complaint entitled "Damages."

## FOURTH CLAIM FOR RELIEF

### *Violation of Clearly Established Civil Rights Guaranteed by the Constitution and 42 U.S.C. § 1983 – Bystander Liability – Defendants Dampier, Alexander, and Easterling*

104.   Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

105.   Defendants Dampier, Alexander, and Easterling owed Plaintiff Hayes the duty to refrain from using excessive, unreasonable, and unlawful force.

106.   Defendants Dampier, Alexander, and Easterling should have been reasonably aware that their acts and/or omissions were of such character to be almost certain to cause injuries to Plaintiff.

107.   The acts and/or omissions of Defendants Dampier, Alexander, and Easterling were intentional, willful, wanton, malicious, and taken in reckless disregard of the civil rights of Plaintiff.

108.   The acts and/or omissions of Defendants Dampier, Alexander, and Easterling were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should properly be regarded as atrocious and utterly intolerable in a civilized society.

109.   The acts of Defendants Dampier, Alexander and Easterling were in reckless disregard of Plaintiff Hayes' safety and well-being.

110.    Defendant Dampier was present at the scene where Plaintiff's constitutional rights were violated and knew that fellow officers were violating Plaintiff's constitutional rights.

111.    Defendant Alexander was present at the scene where Plaintiff's constitutional rights were violated and knew that fellow officers were violating Plaintiff's constitutional rights.

112.    Defendant Easterling was present at the scene where Plaintiff's constitutional rights were violated and knew that fellow officers were violating Plaintiff's constitutional rights.

113.    Defendant Dampier had a reasonable opportunity to protect Plaintiff from the other officers' use of excessive force.

114.    Defendant Alexander had a reasonable opportunity to protect Plaintiff from the other officers' use of excessive force.

115.    Defendant Easterling had a reasonable opportunity to protect Plaintiff from the other officers' use of excessive force.

116.    Defendant Dampier failed to take reasonable measures to protect Plaintiff from the other officers' use of excessive force.

117.    Defendant Alexander failed to take reasonable measures to protect Plaintiff from the other officers' use of excessive force.

118.    Defendant Easterling failed to take reasonable measures to protect Plaintiff from the other officers' use of excessive force.

119.    Defendant Dampier acquiesced in the other Officers' use of excessive force against Plaintiff.

120.    Defendant Alexander acquiesced in the other Officers' use of excessive force against Plaintiff.

121.    Defendant Easterling acquiesced in the other Officers' use of excessive force against Plaintiff.

122.    Defendants' acts and/or omissions were such that Plaintiff suffered and continues to suffer serious emotional and mental harm, including but not limited to extreme mental anguish, embarrassment, humiliation, and the loss of enjoyment of the ordinary pleasures of everyday life.

123.    As a direct and proximate result of the tortious acts and/or omissions of Defendants, including each Defendant's failure to intervene to protect Plaintiff from excessive use of force, Plaintiff suffered and continues to suffer mental and emotional harm for which Defendants are responsible; such injuries are more particularly set forth in the section of this Complaint entitled "Damages."

## DAMAGES

124.    Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

125.    As a direct and proximate result of Defendants' unconstitutional and tortious acts and omissions as set forth in this Complaint, Plaintiff sustained the following damages in excess of the jurisdictional requirement of this Court:

a.      All economic damages available pursuant to 42 U.S.C. §§ 1983 and 1988;

b.      All non-economic damages available pursuant to 42 U.S.C. §§ 1983 and 1988;

c.      All economic and non-economic damages allowed by the law of the State of Mississippi;

d.      Damages resulting from the infliction of emotional distress, past and future, in an amount to be set forth at trial;

e.      Punitive damages against the Defendants named in their individual capacities;

f.      Attorney fees and costs for all claims for relief pursuant to 42 U.S.C. §§ 1983 and 1988;

g.      Pre-judgment and post-judgment interest;

h.      Readily quantifiable out-of-pocket expenses incurred by Plaintiff and by others that are attributable to the Defendants' tortious conduct;

i.      All other allowable costs, expenses, and fees associated with this litigation.

WHEREFORE, Plaintiff Virginia Hayes prays that this Court enter judgment against Defendants, jointly and severally, in an amount supported by the allegations of this Complaint, as follows:

I.      Judgment against Defendants, jointly and severally, for general damages in an amount consistent with the allegations contained in this Complaint and to be proven at trial;

II.     Judgment against Defendants, jointly and severally, for special damages in an amount consistent with the allegations contained in this Complaint and to be proven at trial;

III.    Judgment for punitive damages against each individual Defendant in an amount to be determined by a jury;

IV.     An award of attorney fees and costs for all claims for relief within the Complaint pursuant to 42 U.S.C. §§ 1983 and 1988; and

V.      Judgment for costs, interest, and such other and further relief as this Court deems just and equitable.

Respectfully submitted this 22 day of May, 2023.

VIRGINIA HAYES, PLAINTIFF

By: _____

VICKI R. SLATER (MSB 9759)
ATTORNEY AT LAW
Post Office Box 23551
Jackson, MS 39205
Telephone: 601.987.8184
Fax: 601.987.8188
Email: vicki@vickislater.com

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that this case be tried to a jury under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 22 day of May, 2023.

VIRGINIA HAYES, PLAINTIFF

By: _____

VICKI R. SLATER (MSB 9759)
ATTORNEY AT LAW
Post Office Box 23551
Jackson, MS 39205
Telephone:  601.987.8184
Fax: 601.987.8188
Email: vicki@vickislater.com