G. Bryan Ulmer (PHV #60096)
Catherine E. DiSanto (PHV #60097)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax
ulmer@spencelawyers.com
disanto@spencelawyers.com

Vicki R. Slater (MSB #9759)
THE LAW OFFICES OF VICKI R. SLATER
Post Office Box 23551
Jackson, MS 39205
(601) 987-8184
(601) 987-8188 (fax)
vicki@vickislater.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| VIRGINIA HAYES,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF MAGEE, MISSISSIPPI; CHARLES R. CRAWFORD, in his individual and official capacities as Chief of Police of the Magee Police Department, VERNON DAMPIER in his individual capacity as a City of Magee police officer; CHARLES ALEXANDER in his individual capacity as a City of Magee police officer; LINCASTER EASTERLING, in his individual capacity as a City of Magee police officer,<br><br>Defendants. | Case 3:23-cv-00327-CWR-FKB<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME FOR RESPONSE TO DEFENDANTS' CITY OF MAGEE AND CHARLES CRAWFORD'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff, by and through counsel, and pursuant to Federal Rule of Civil Procedure 6(b), submits this Memorandum in Support of her Motion to Extend Time for Response in Opposition to Defendants' Motion for Judgment on the Pleadings. Plaintiff has conferred with counsel for the answering Defendants, who indicate they do not oppose this motion. For good cause as demonstrated below, Plaintiff respectfully requests the Court retroactively allow an extension of time for Plaintiff to respond to Defendants' Motion for Judgment on the Pleadings. In support thereof, Plaintiff states as follows:

## BACKGROUND

1. This is a civil rights action arising from Plaintiff's encounter with Magee Police Department officers on May 27, 2020.
2. Plaintiff initiated this action on May 22, 2023. [*Complaint*, ECF No. 1]. Defendants City of Magee and Crawford sought a forty-day extension of time in which to answer or otherwise respond. [*Unopposed Mt. for Ext. of Time to Ans.*, ECF No. 5].
3. On September 6, 2023, Defendants City of Magee, Mississippi ("the City") and Charles Crawford filed their Answer, asserting in the same eighteen affirmative defenses.[1] [*Answer*, ECF No. 13].
4. On November 29, 2023, the day before the Court's November 30 initial scheduling conference, Defendants City of Magee and Crawford filed their Motion for Judgment on the Pleadings. [*Defs.' Mot. for Jmt. on Pleadings*, ECF No. 16].
5. Undersigned counsel for Plaintiff erroneously identified the deadline to respond to Defendants' Motion as January 3, 2024. Communications about the deadline ensued and

[1] Defendants Alexander, Dampier, and Easterling filed their Answer on September 5, 2023. [ECF No. 12].

counsel worked toward formulating a response and did indeed file a Response on January 3, 2024. [ECF No. 18, 19].

6. After receiving a seven-day extension, [ECF No. 20], on January 16, 2024, Defendants filed a Reply in Support of Defendants City of Magee and Charles Crawford's Motion for Judgment on the Pleadings. [ECF No. 21].

**ANALYSIS**

7. Federal Rule of Civil Procedure 6(b)(1) provides: "(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires, or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

8. Rule 6(b) allows courts to grant relief by finding that an inadvertent late filing, while negligent, constitutes "excusable neglect." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004); *Lujon v. Nat'l Wildlife Fed'n*, 498 U.S. 871, 896 (1990).

9. Excusable neglect requires "a demonstration of good faith . . . and some reasonable basis for noncompliance within the specified period of time." *Kimberg v. Univ. of Scranton*, 411 Fed. App'x. 473, 477 (3rd Cir. 2010) (quoting *Petrocelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3rd Cir. 1995).

10. Plaintiff acknowledges Defendants' position that the deadline to respond expired and that Plaintiff's January 3, 2024, *Response* was untimely. [ECF No. 21, at 2]. Plaintiff respectfully requests that the Court determine that both good cause and excusable neglect exist to extend the time to respond and consider Plaintiff's Response on the merits. *Brosted*

*v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2009) (noting Rule 6 requires a showing of both "good cause" as well as "excusable neglect" where a deadline has passed).

11. First, excusable neglect exists here. Negligence of counsel, including inadvertent delay resulting in an untimely filing of a court document, generally constitutes "excusable neglect" under Rule 6(b). *Pioneer Investment Services Co. v. Brunswick Associates, Ltd, Partnership*, 507 U.S. 380, 395 (1992); *see also Theriot v. Bldg. Trades United Pension Tr. Fund*, No. CV 18-10250, 2022 WL 2191668, at *3 (E.D. La. June 17, 2022) (quoting *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007)) (noting the Fifth Circuit's affirmance that counsel's calendaring mistake constituted excusable neglect).

12. The Supreme Court has enumerated four factors to determine what constitutes excusable neglect under Rule 6(b): (1) whether the delay was within the reasonable control of the movant; (2) the length of the delay and potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Taken together, the factors in this case weigh in favor of a finding of excusable neglect:

    a. The delay was within the reasonable control of the movant and stemmed from a mistake by Plaintiff's counsel;

    b. The length of the delay is minimal at 21 days, *Theriot* at *3 (finding one-month delay in filing motion "relatively short"), and neither party has identified any impact that the delay will have on these proceedings;

    c. Defendants have not alleged any prejudice; and

d. Plaintiff has acted in good faith. Undersigned counsel has diligently searched for the root cause of the 35-day calendaring error, and despite investigating earlier research, emails, Westlaw searches, and drafts, cannot identify the source of the error. The erroneous response date came to be relied upon shortly after Defendants' motion was filed at the beginning of December. Counsel then began a trial on December 4, 2024, which did not culminate until January 9, 2024. Counsel did not reconsider the correctness of that deadline calculation during the trial, and worked diligently towards filing a response in this matter by the albeit mistaken deadline of January 3, 2024.

e. In sum, Plaintiff's counsel "has admitted to the mistake, and there is no indication that [Plaintiff] or her counsel acted in bad faith." *Theriot* at *3.

13. Second, the Court should find that good cause exists to consider the merits of Plaintiff's late-filed Response.

a. Black's Law Dictionary defines "good cause" as "a legally sufficient reason." CAUSE, Black's Law Dictionary, (11th ed. 2019).

b. Good cause is not a rigorous or high standard under Rule 6(b), and courts have construed it broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004). It imposes a "light burden." Moore's Fed. Prac. § 6.06 [2] at 6–32. Matthew Bender 3rd ed. 2013.

c. Courts have held that inadvertent calendaring mistakes, while they may be negligent, constitute good cause under Rule 6(b) to warrant relief for late filings. *Pincay*, 389 F.3d at 860.

14. Finally, the extension of time will effectuate the Rules' preference for deciding federal cases on the merits. Rule 6(b), like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.").

15. The Fifth Circuit recognizes "the pull" to decide cases on the merits. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The excusable neglect doctrine is, at bottom, an equitable doctrine that exists, at least in part, to prevent victories by default or technicality. *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *3 (5th Cir. May 22, 2013). Here, where Plaintiff has established both good cause and excusable neglect, the Court may in its discretion grant an extension of time under Rule 6(b), which will serve "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

WHEREFORE, Plaintiff respectfully requests this Court grant this Unopposed Motion for Extension of Time and consider the merits of Plaintiffs' Response in Opposition to Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted this 6th day of March, 2024.

*<u>/s/. Catherine E. DiSanto</u>*
G. Bryan Ulmer, III (PHV #60096)
Catherine E. DiSanto (PHV #60097)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 (fax)
ulmer@spencelawyers.com

disanto@spencelawyers.com

Vicki R. Slater (MSB #9759)
THE LAW OFFICES OF VICKI R. SLATER
Post Office Box 23551
Jackson, MS 39205
(601) 987-8184
(601) 987-8188 (fax)
vicki@vickislater.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forging was sent via CM/ECF to all counsel of record on this 6th day of March, 2024.

*/s/ Catherine E. DiSanto*
G. Bryan Ulmer, III (PHV #60096)
Catherine E. DiSanto (PHV #60097)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 (fax)
ulmer@spencelawyers.com
disanto@spencelawyers.com